UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSICA P.,[1]

               Plaintiff,

     v.                                           1:20-CV-1328-LJV
                                                 DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____

       On September 18, 2020, the plaintiff, Jessica P. ("Jessica"), brought this action

under the Social Security Act ("the Act").  She seeks review of the determination by the

Commissioner of Social Security ("Commissioner") that she was not disabled.  Docket

Item 1.  On September 6, 2021, Jessica moved for judgment on the pleadings, Docket

Item 14; on February 3, 2022, the Commissioner responded and cross moved for

judgment on the pleadings, Docket Item 15; and on March 17, 2022, Jessica replied,

Docket Item 17.

       For the reasons stated below, this Court grants Jessica's motion in part and

denies the Commissioner's cross-motion.[2]

---

     [1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18,
2020).

     [2] This Court assumes familiarity with the underlying facts, the procedural history,
and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts
necessary to explain its decision.

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

**DISCUSSION**

Jessica argues that the ALJ erred in assessing her residual functional capacity ("RFC")[3] in two ways.  Docket Item 14-1.  First, she argues that although the ALJ found the opinion of Stephen Farmer, Psy.D., to be "supported and probative," the RFC determination did not reflect Dr. Farmer's findings.  *Id.* at 10.  Second, she contends that the ALJ relied on medical opinion evidence that did not address her "ability to sit, stand, and walk," *id.* at 11, and that the ALJ erroneously interpreted this "silence to mean lack of limitations," *id.*

This Court agrees that the ALJ erred and, because that error was to Jessica's prejudice, remands the matter to the Commissioner.

For claims filed after March 27, 2017, such as Jessica's,[4] the ALJ evaluates medical opinion evidence under the framework in 20 C.F.R. § 416.920c.  *See* Revisions to the Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5844, 5875 (Jan. 18, 2017).  Under the new regulations, an ALJ will consider opinions from a claimant's medical sources but "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion[s]."  20 C.F.R. § 416.920c(a).  Instead, the ALJ "will articulate in [his or her] determination or

---

[3] A claimant's RFC "is the most [she] can still do despite [her] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis," *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 86–8, 1986 WL 68636, at *8 (Jan. 1, 1986)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

[4] Jessica's application for benefits is dated March 22, 2018, Docket Item 12 at 178, but the initial disability determination by the Commissioner indicates that she filed the application on March 5, 2018, *id.* at 99.  That discrepancy does not affect this decision.

decision how persuasive [he or she] find[s] all of the medical opinions" in light of the regulatory factors. *Id.* § 416.920c(b), (c)(1)-(5).

The Code of Federal Regulations lists five factors that the ALJ will consider when weighing medical opinions: (1) the amount of evidence the source presents to support his or her opinion; (2) the consistency between the opinion and the record; (3) the treating provider's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; (4) the source's specialization; and (5) any other factors "that tend to support or contradict" the opinion. *Id.* § 416.920c(c)(1)-(5). The ALJ is required specifically to "explain how [he or she] considered the supportability and consistency factors" because they are "the most important factors," and the ALJ "may, but [is] not required to, explain how [he or she] considered the [remaining] factors." *Id.* § 416.920c(b)(2); *see e.g., Harry B. v. Comm'r of Soc. Sec.*, 2021 WL 1198283, at *7 (N.D.N.Y. Mar. 30, 2021); *Rivera v. Comm'r of the Soc. Sec. Admin.*, 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020), *report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec. Admin.*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021).

In formulating Jessica's mental RFC,[5] the ALJ found that Dr. Farmer's[6] "overall findings are supported by his own examination of the claimant and . . . [by] the

---

[5] The ALJ determined that Jessica has the mental RFC to "understand, remember and carry out simple, routine[,] repetitive work[-]related tasks." Docket Item 12 at 33. The ALJ did not include any additional mental limitations in the RFC.

[6] Dr. Farmer completed a consultative examination and opinion on May 22, 2018. Docket Item 12 at 271. During the examination, Jessica reported that she suffers from "flashbacks, hyper[-]startle response, nightmares, avoidant behavior, and anger outbursts about three to four times a week." *Id.* at 272. Dr. Farmer observed that Jessica exhibited "[a]nxiety-related symptoms remarkable for excessive apprehension[,] worry[,] and irritability," *id.*, and "[s]omewhat dysthymic" mood, *id.* at 273. He noted that Jessica "was hospitalized multiple times for what can best be described as assaultive

claimant's daily activities."  Docket Item 12 at 38 (citing *id.* at 271-75).  The ALJ also stated that Dr. Farmer's opinion "provides probative evidence to support the claimant's residual functional capacity."[7]  *Id.* at 38.  But the ALJ did not say whether he found Dr. Farmer's opinion persuasive, nor did he address how the opinion was supported or contradicted by the other evidence.

For example, the ALJ failed to address the consistency[8] of Dr. Farmer's opinion "with the evidence from other medical sources."  *See* 20 C.F.R. § 416.920c(c)(2); *see also Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 11 (W.D.N.Y. 2021) ("As required by the new regulations, the ALJ explained his findings regarding the supportability and consistency for each of the opinions, pointing to specific evidence in the record supporting those findings.").  Because the new regulations no longer require the ALJ to assign specific weight to medical opinions, including the opinions of treating physicians, *see* 20 C.F.R. § 416.920c(a), it is especially important that the ALJ compare a medical source's opinion with the other medical evidence in the record, *see Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) ("Both

---

[7] The ALJ also found the June 24, 2019 opinion of Michael Santa Maria, Ph.D., to be "persuasive," Docket Item 12 at 40, but Jessica does not contend that the ALJ's consideration of Dr. Santa Maria's opinion was improper.

[8] This factor is defined by regulation as follows: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."  20 C.F.R. § 416.920c(c)(2).

ideation."  *Id.* at 271.  He addressed her formal mental health diagnoses only to "[r]ule out posttraumatic stress disorder [PTSD]."  *Id.* at 274.  Dr. Farmer opined that Jessica has "moderate limitation interacting adequately with supervisors, co-workers, and the public" and "mild limitation regulating emotions, controlling behavior, and maintaining well-being," which he attributed to her "trauma-related symptoms."  *Id.*

supportability and consistency in part require comparison of the medical opinions with other medical sources.").

Because the ALJ found Dr. Farmer's findings to be "supported by his own examination . . . and . . . by the claimant's daily activities," *see* Docket Item 12 at 38, and because the ALJ said that Dr. Farmer's opinion "provides probative evidence" supporting Jessica's RFC, *see id.*, one might think that any error in evaluating that opinion was harmless. But despite concluding that Dr. Farmer's opinion was "supported" and "probative," the ALJ formulated an RFC that did not include limitations about which Dr. Farmer opined. For example, Dr. Farmer opined that Jessica was moderately limited in interacting with others, *id.* at 274, but the RFC included no such limitations, *id.* at 33. And while the ALJ mentioned Dr. Farmer's finding in that regard, *id.* at 38, the ALJ did not otherwise address that finding or explain why the RFC did not incorporate it.

So this Court has no way of knowing whether the ALJ simply ignored that limitation in Dr. Farmer's opinion or whether he rejected it for some reason. If he rejected it, this Court has no idea why. And because the ALJ did not explicitly evaluate Dr. Farmer's opinion against other evidence in the record,[9] the Court cannot tell whether the ALJ's determination was "based on all of the relevant medical and other evidence." *See* 20 C.F.R. § 416.945(a)(1), (3). That error warrants remand. *See William B. J. v.*

---

[9] In evaluating Dr. Farmer's opinion, the ALJ made a passing reference to the medical record, noting that "the treatment records in [the] file do show medical diagnoses of bipolar disorder, PTSD[,] and a generalized anxiety disorder[,] . . . and Dr. Farmer only . . . rule[s] out PTSD." Docket Item 12 at 38 (citing "Exhibit B16F" in the administrative transcript). That observation is too general and cryptic to be useful and does not suggest any substantive analysis of the evidence by the ALJ.

*Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022) (remanding

where "[t]here [wa]s no comparison between [the medical source's] opinion and

evidence from other medical sources and nonmedical sources in the file") (internal

quotation marks omitted).

Likewise, the ALJ's bare conclusion about Dr. Farmer's opinion does not give this

Court what it needs to "assess the validity of the agency's ultimate findings." *See Craft

v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995,

1002 (7th Cir. 2004)). Not only must the ALJ provide "a distinct analysis that would

permit adequate review on appeal," *Aung Winn v. Colvin*, 541 F. App'x. 67, 70 (2d Cir.

2013) (summary order), he also must support each conclusion with relevant medical

evidence, *see Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Absent such

analysis, it is not clear whether the ALJ's determination was supported by substantial

evidence. *See Gorny v. Comm'r of Soc. Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct.

29, 2018) (Where the ALJ does "not connect the record evidence and RFC findings" or

otherwise "explain how the record evidence supported his RFC findings," his decision

leaves the court "with many unanswered questions and does not afford an adequate

basis for meaningful judicial review.").

The Commissioner argues that the ALJ "[wa]s not required to include every part

of [Dr. Farmer's] medical opinion into [sic] his RFC finding." Docket Item 15-1 at 22.

That is correct, of course, but the ALJ was obligated to say what parts he accepted,

what parts he rejected, and why. *See Raymer v. Colvin*, 2015 WL 5032669, at *5

(W.D.N.Y. Aug. 25, 2015) ("[A]n ALJ who chooses to adopt only portions of a medical

opinion must explain his or her decision to reject the remaining portions."). The ALJ's

failure to do that here does not allow this Court to review what he decided and why and therefore to evaluate whether he was correct.  *See Cichocki v. Astrue*, 729 F.3d 172, 177-78 (2d Cir. 2013) (per curiam) ("Remand may be appropriate . . . where [] inadequacies in the ALJ's analysis frustrate meaningful review.") (citation omitted).

    The Commissioner also argues that Dr. Farmer's opinion that Jessica was moderately limited in interacting with others "was not supported by Dr. Farmer's examination findings," Docket Item 15-1 at 18 n.10, and was "inconsistent" with other evidence in the record, *id.* at 19.  But even if that is accurate, that is not what the ALJ said.  So the Commissioner's argument is nothing more than an impermissible *post hoc* rationalization of the ALJ's determination which this Court will not consider.  *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (internal quotation marks omitted).

    Moreover, the ALJ misstated certain evidence in the record, giving this Court another reason to remand.  *See George v. Comm'r of Soc. Sec. Admin.*, 2019 WL 608850, at *3 (W.D.N.Y. Feb. 12, 2019) ("A misstatement of fact in the ALJ's decision is material when it prevents the reviewing court from following the adjudicator's reasoning.").  For example, in support of his finding that Jessica was not disabled, the ALJ stated that "[t]here was no obvious evidence of any significantly limiting mental or emotional problem demonstrated during the course of the hearing."  Docket Item 12 at 41.  But the hearing record contradicts that finding.

    In fact, Jessica testified that before the hearing began, she "was considering leaving," *id.* at 65, because there were "too many people in the room" whom she did not

know, *id.* at 64-65.  She also testified that during the hearing she was able to "sit here and have a conversation with [the ALJ]" only because she had met him before.  *Id.* at 65.  So Jessica's hearing testimony is in fact consistent with a limitation in interacting with others and with Dr. Farmer's opinion in that regard.  *See id.* at 38 (ALJ's noting Dr. Farmer's opinion that Jessica has a "moderate limitation interacting adequately with supervisors, co-workers, and the public"); *id.* at 274 (Dr. Farmer's opinion to that effect); *see also id.* at 39 (ALJ's finding that Jessica suffers from severe "generalized anxiety disorder"); *id.* at 36, (ALJ's citing multiple treatment notes in the record showing Jessica was "nervous and anxious" during examinations); Docket Item 13 at 444 (Jessica "developed a panic attack" during an examination).  But as noted above, the RFC did not include any limitations with respect to interacting with others.  *See* Docket Item 12 at 33.

Both because the ALJ did not adequately evaluate Dr. Farmer's opinion and because he misstated significant evidence in the record, the ALJ erred.  And because the ALJ did not incorporate the limitations about which Dr. Farmer opined and about which the ALJ misstated the record, those errors were not harmless.  Therefore, remand is required.[10]

---

[10] The Court "will not reach the remaining issues raised by [Jessica] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 15, is DENIED, and Jessica's motion for judgment on the pleadings, Docket Item 14, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


SO ORDERED.

Dated:      June 15, 2022
            Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE